IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEAH COX, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 4:20-cv-529 |
| -v- § | |
| § | |
| YEUNG INSTITUTE SURGERY CENTER, § | |
| LLP, YEUNG INSTITUTE, LLC, AND § | |
| CECIL S.T. YEUNG, § | |
| § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Leah Cox and files her Original Complaint against Yeung Institute Surgery Center, LLP, (the "Surgery Center"), Yeung Institute, LLC, (the "Clinic") and Cecil Yeung, in his official and individual capacity as owner and operator of both Yeung Institute Surgery Center, LLP, Yeung Institute, LLC, (collectively referred to as "Defendants"), and alleges as follows:

I.
SUMMARY

This is a simple case of wage theft. Defendants jointly employed Leah Cox but made her clock-in and out for the different entities to avoid paying her overtime pay to which she was entitled.  For these reasons, Plaintiff seeks unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331. This action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Texas.

## III.
## PARTIES

2. Defendant Yeung Institute Surgery Center is a Limited Liability Partnership doing business in this District. Defendant Yeung Institute Surgery Center is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant Yeung Institute Surgery Center can be served with process through its registered agent, Cecil S.T. Yeung, at 1107 Banks Street, Houston, Texas 77006.

3. Defendant Yeung Institute is a Limited Liability Company doing business in this District. Defendant Yeung Institute is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant Yeung Institute can be served with process through its registered agent, Cecil S.T. Yeung, at 1107 Banks Street, Houston, Texas 77006.

4. Defendant Cecil S.T. Yeung is an owner and operator of Yeung Institute Surgery Center and Yeung Institute. Cecil S.T. Yeung is an "employer" within the meaning of FLSA, 29

U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant may be served with process by serving Cecil S.T. Yeung, at 1107 Banks Street, Houston, Texas 77006 or wherever Defendant may be found.

5. Plaintiff Leah Cox is a resident of Texas and worked for Defendant out of Harris County, Texas. Ms. Cox was "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

## IV.
## FACTS

6. Ms. Cox first started working for Defendants on October 25, 2017.

7. Both the Clinic and the Surgery Center are owned and operated by Defendant Cecil S.T. Yeung.

8. From October 25, 2017 to December 2017, Ms. Cox worked at the Clinic Mondays, Tuesdays, Thursdays, and Fridays from 8:45 a.m. until 6:00 p.m. and in the Surgery Center on Wednesdays from 6 a.m. until the last surgical patient was discharged and the operating room was clean and shut down.

9. In December 2017, Ms. Cox's schedule became more varied and she started working more hours in the Surgery Center.

10. Ms. Cox would regularly work more than 40 hours a week for Defendants with her work in the Clinic and the Surgery Center combined.

11. However, Defendants failed to properly combine the hours Ms. Cox worked in the Clinic and the Surgery Center.

12. Instead, Defendants improperly calculated overtime pay – separating out hours to avoid paying Ms. Cox overtime.

13. Defendants would have Ms. Cox clock in on different systems depending on whether she was primarily working in the Clinic or the Surgery Center on a particular day. However, she was often asked to cover duties at the Clinic when clocked in for the Surgery Center and vice versa.

14. Defendants would on occasion even instruct Ms. Cox the day of whether she was going to work in the Clinic that day or the Surgery Center that day depending on which would ensure she would not be paid overtime.

15. On two occasions Defendants paid Ms. Cox overtime when she did not switch clock-ins because she was performing duties related to both the Clinic and the Surgery Center.

16. On both occasions Defendants reprimanded Ms. Cox for not ensuring she switched over to avoid working more than 40 hours in a week for either the Clinic or the Surgery Center.

17. The last day Ms. Cox performed work for Defendants was December 11, 2018.

18. Defendants notified Ms. Cox that her employment was terminated on December 17, 2018.

19. Overall, Ms. Cox was employed jointly by Defendants.

20. All the hours worked for the Clinic and the Surgery Center should have been combined for the purposed of calculating Ms. Cox's overtime.

21. Accordingly, Defendants failed to pay Ms. Cox overtime pay to which she was entitled.

22. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* As a result of these unlawful practices, Plaintiff suffered a loss of wages.

23. Defendants are fully aware of all employment-related laws and regulations, including the FLSA. Therefore, Defendants had knowledge or reckless disregard for the fact that their

failure to pay their employees appropriate overtime compensation was in violation of the law.

24. All conditions precedent to the filing of this suit have been satisfied.

## V.
## FAIR LABOR STANDARDS ACT VIOLATIONS

25. Plaintiff incorporates the preceding paragraphs as if restated herein.

26. Plaintiff was "suffered or permitted to work" by Defendants during the relevant time period.

27. Defendants jointly employed Plaintiff.

28. Defendants are engaged in commerce.

29. Plaintiff was paid $16.00/hour.

30. Plaintiff worked an average of 40-60 hours per week.

31. Plaintiff did not receive overtime pay for hours in excess of 40 per week.

32. By failing to properly pay overtime, Defendants violated the Federal Fair Labor Standards Act.

33. Because of the actions of Defendants, Plaintiff suffered damages within the jurisdictional limits of this Court.

## VI.
## JURY DEMAND

34. Plaintiff hereby makes a demand for a trial by jury on all issues, claims, and defenses in this action.

## VII.
## PRAYER FOR RELIEF

26. Plaintiff seeks all damages allowed under the Fair Labor Standards Act, including:

A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over 40;

B. Judgment against Defendants that their violations of the FLSA were willful;

C. An equal amount to the wage damages as liquidated damages;

D. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

E. All costs incurred and reasonable attorneys' fees for prosecuting these claims; and

F. For such further relief as the Court deems just and equitable.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendants be summoned to appear and that, upon a trial on the merits, all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Julie L. St. John*
Julie L. St. John (attorney-in-charge)
Texas Bar No. 24106460
S.D. Texas Bar No. 3139258
Robert J. Wiley*
Texas Bar No. 24013750
S.D. Texas Bar No. 596499
*\*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization*

WILEY WHEELER, P.C.
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334
jstjohn@wiley-wheeler.com

ATTORNEYS FOR PLAINTIFF